TRINETTE G. KENT (State Bar No. 025180)
KENT LAW OFFICES
10645 North Tatum Blvd., Suite 200-192
Phoenix, AZ 85028
Telephone: (480) 247-9644
Facsimile: (480) 717-4781
E-mail: tkent@kentlawpc.com

Of Counsel to:
Michigan Consumer Credit Lawyers
22142 West Nine Mile Road
Southfield, MI 48033
Telephone: (248) 353-2882
Facsimile: (248) 353-4840

*Attorneys for Plaintiff,*
*Sandra Goldstein*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sandra Goldstein, | Case No.: |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| Experian Information Solutions, Inc., an Ohio corporation; Capital One Bank, USA, N.A., a foreign corporation; and Applied Bank, a Delaware corporation, | **JURY TRIAL DEMAND** |
| Defendants. | |

1

NOW COME THE PLAINTIFF, SANDRA GOLDSTEIN, BY AND THROUGH COUNSEL, TRINETTE G. KENT, and for her Complaint against the Defendants, pleads as follows:

## JURISDICTION

1. Jurisdiction of this court arises under 15 U.S.C. §1681p.

2. This is an action brought by a consumer for violation of the Fair Credit Reporting Act (15 U.S.C. §1681, *et seq.* [hereinafter "FCRA"]).

## VENUE

3. The transactions and occurrences which give rise to this action occurred in the City of Phoenix, Maricopa County, Arizona.

4. Venue is proper in the District of Arizona, Phoenix Division.

## PARTIES

5. The Defendants to this lawsuit are:

   a. Experian Information Solutions, Inc. ("Experian"), which is an Ohio corporation that maintains a registered agent in Maricopa County, Arizona;

   b. Capital One Bank, USA, N.A. ("Capital One"), which is a foreign corporation that maintains its registered offices in Richmond, Virginia; and

2

c. Applied Bank, which is a Delaware corporation that maintains its registered offices in Wilmington, Delaware.

## GENERAL ALLEGATIONS

6. Sometime in 2002, Mrs. Goldstein obtained her credit files and noticed that Applied Bank was reporting its trade line with account number 422709709793….("Applied Bank Bogus Trade Line") on her credit files. She then disputed this trade line as it belonged to her now deceased mother, and the last time that her mother made a payment on it was in 2001.

7. However, Mrs. Goldstein tried to make her mother's payments on the Applied Bank Bogus Trade Line up until mid 2008.

8. Sometime in 2008, Mrs. Goldstein obtained her credit files again and noticed that Capital One was reporting its trade line with account number 486236252940….("Capital One Bogus Trade Line") with a balance on her credit files. She then disputed this trade line as it belonged to her husband, and she was not even an authorized user on the account. Further, Mrs. Goldstein's husband paid off the balance to Capital One in 2007.

9. In approximately June of 2011, Mrs. Goldstein received an excessive interest rate at BMW of Mini Cooper when she applied to refinance her vehicle.

10. Sometime in approximately late 2012 or early 2012, Mrs. Goldstein was denied from receiving a mortgage from Wells Fargo Mortgage.

11. In approximately February of 2016, Mrs. Goldstein was denied from receiving credit from American Airlines.

12. On or about April 5, 2016, Mrs. Goldstein was denied from receiving credit from Marriott Hotels and Hawaiian Airlines.

13. On or about April 5, 2016, Mrs. Goldstein received a letter from American Express, which denied her from receiving credit for its SimplyCash Business Credit Card. The reason for the denial was due to her low credit score, which was 628 on March 12, 2016.

14. On or about April 10, 2016, Mrs. Goldstein obtained her Experian credit file and noticed that Capital One and Applied Bank continued to report both Bogus Trade Lines. She also noticed that Capital One was continuing to report a balance on its Bogus Trade Line.

15. On or about June 29, 2016, Mrs. Goldstein submitted a letter to Experian, disputing both Bogus Trade Lines. She requested that both Bogus Trade Lines be removed from her credit files.

16. On or about July 22, 2016, Mrs. Goldstein received Experian's investigation results, which showed that Capital One retained its Bogus Trade Line. These results also showed that the projected completion date for completing the investigation on the Applied Bank Bogus Trade Line was August 13, 2016.

17. On or about August 17, 2016, Mrs. Goldstein was denied from being able to receive a higher credit limit on her American Express card.

18. On or about September 19, 2016, Mrs. Goldstein sent Experian another dispute letter. In the dispute letter, she disputed the Applied Bank Bogus Trade Line again and asked that it be removed. She also disputed the Capital One Bogus Trade Line. She stated, "If your records reflect that I am an authorized user, please remove me as an authorized user from your system and remove this trade line from my credit report."

19. Upon information and belief, Experian forwarded Mrs. Goldstein's subsequent dispute letters to Applied Bank and Capital One.

20. On or about October 20, 2016, Mrs. Goldstein received Experian's investigation results, which showed that both Applied Bank and Capital One retained the Bogus Trade Lines.

## COUNT I

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY CAPITAL ONE

21. Plaintiff realleges the above paragraphs as if recited verbatim.

22. After being informed by Experian of Mrs. Goldstein's consumer dispute of the of the Bogus Trade Line, Capital One negligently failed to conduct a proper investigation of Mrs. Goldstein's dispute as required by 15 USC 1681s-2(b).

23. Capital One negligently failed to review all relevant information available to it and provided by Experian in conducting its reinvestigation as required by 15 USC 1681s-2(b). Specifically, it failed to direct Experian to remove the Bogus Trade Line.

24. The Bogus Trade Line is inaccurate and creating a misleading impression on Mrs. Goldstein's consumer credit file with Experian to which it is reporting such trade line.

25. As a direct and proximate cause of Capital One's negligent failure to perform its duties under the FCRA, Mrs. Goldstein has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

26. Capital One is liable to Mrs. Goldstein by reason of its violations of the FCRA in an amount to be determined by the trier fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

27. Mrs. Goldstein has a private right of action to assert claims against Capital One arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against the Defendant Capital One for damages, costs, interest, and attorneys' fees.

## COUNT II

## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY CAPITAL ONE

28. Plaintiff realleges the above paragraphs as if recited verbatim.

29. After being informed by Experian that Mrs. Goldstein disputed the accuracy of the information it was providing, Capital One willfully failed to conduct a proper reinvestigation of Mrs. Goldstein's dispute.

30. Capital One willfully failed to review all relevant information available to it and provided by Experian as required by 15 USC 1681s-2(b).

31. As a direct and proximate cause of Capital One's willful failure to perform its duties under the FCRA, Mrs. Goldstein has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

32. Capital One is liable to Mrs. Goldstein for either statutory damages or actual damages she has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and she may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against the Defendant Capital One for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

# COUNT III

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY APPLIED BANK

33. Plaintiff realleges the above paragraphs as if recited verbatim.

34. After being informed by Experian of Mrs. Goldstein's consumer dispute of the of the Bogus Trade Line, Applied Bank negligently failed to conduct a proper investigation of Mrs. Goldstein's dispute as required by 15 USC 1681s-2(b).

35. Applied Bank negligently failed to review all relevant information available to it and provided by Experian in conducting its reinvestigation as required by 15 USC 1681s-2(b). Specifically, it failed to direct Experian to remove the Bogus Trade Line.

36. The Bogus Trade Line is inaccurate and creating a misleading impression on Mrs. Goldstein's consumer credit file with Experian to which it is reporting such trade line.

37. As a direct and proximate cause of Capital One's negligent failure to perform its duties under the FCRA, Mrs. Goldstein has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

38. Capital One is liable to Mrs. Goldstein by reason of its violations of the FCRA in an amount to be determined by the trier fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

39. Mrs. Goldstein has a private right of action to assert claims against Applied Bank arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against the Defendant Applied Bank for damages, costs, interest, and attorneys' fees.

## COUNT IV

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY APPLIED BANK

40. Plaintiff realleges the above paragraphs as if recited verbatim.

41. After being informed by Experian that Mrs. Goldstein disputed the accuracy of the information it was providing, Applied Bank willfully failed to conduct a proper reinvestigation of Mrs. Goldstein's dispute.

42. Applied Bank willfully failed to review all relevant information available to it and provided by Experian as required by 15 USC 1681s-2(b).

43. As a direct and proximate cause of Applied Bank's willful failure to perform its duties under the FCRA, Mrs. Goldstein has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

44. Applied Bank is liable to Mrs. Goldstein for either statutory damages or actual damages she has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages

in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and she may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against the Defendant Capital One for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT V

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EXPERIAN

45. Plaintiff realleges the above paragraphs as if recited verbatim.

46. Defendant Experian prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mrs. Goldstein as that term is defined in 15 USC 1681a.

47. Such reports contained information about Mrs. Goldstein that was false, misleading, and inaccurate.

48. Experian negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Mrs. Goldstein, in violation of 15 USC 1681e(b).

49. After receiving Mrs. Goldstein's consumer dispute to the Bogus Trade Lines, Experian negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

50. As a direct and proximate cause of Experian's negligent failure to perform its duties under the FCRA, Mrs. Goldstein has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

51. Experian is liable to Mrs. Goldstein by reason of its violation of the FCRA in an amount to be determined by the trier fact together with her reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against Experian for actual damages, costs, interest, and attorneys' fees.

## COUNT VI

**WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EXPERIAN**

52. Plaintiff realleges the above paragraphs as if recited verbatim.

53. Defendant Experian prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mrs. Goldstein as that term is defined in 15 USC 1681a.

54. Such reports contained information about Mrs. Goldstein that was false, misleading, and inaccurate.

11

55. Experian willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Mrs. Goldstein, in violation of 15 USC 1681e(b).

56. After receiving Mrs. Goldstein's consumer dispute to the Bogus Trade Lines, Experian willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

57. As a direct and proximate cause of Experian's willful failure to perform its duties under the FCRA, Mrs. Goldstein has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

58. Experian is liable to Mrs. Goldstein by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against Experian for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## JURY DEMAND

Plaintiff hereby demands a trial by Jury.

DATED: November 17, 2016

                          KENT LAW OFFICES

                By: */s/ Trinette G. Kent*
                   Trinette G. Kent
                   Attorneys for Plaintiff,
                   Sandra Goldstein